**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MY'SHEKIA SMITH,                                  *

Plaintiff                                               *

v                                                          *          Civil Action No. ELH-21-1836

U.S. DEPARTMENT OF DEFENSE, et al.       *

Defendants                                            *
                                                          ***

**MEMORANDUM**

The Complaint was filed on July 23, 2021, with a Motion to Proceed in Forma Pauperis. ECF 2.  Because self-represented plaintiff My'Shekia Smith appears to be indigent, the motion shall be granted.

**I. Background**

Plaintiff alleges in forty-two pages of attachments that she references on the Complaint form that the United States government has bullied her, attempted to cause her mental trauma by "tampering" with her "being," and has used modern technology "to manipulate and lower [her] intelligence" by employing "utters that startled [her] via AI [artificial intelligence]." ECF 1 at 8; ECF 1-1 at 6, 26. She claims that during the final months of her employment with the Foreign Agriculture Service, an odorless chemical entered her body after a military jet flew overhead, and she continues to "feel the effects of the odorless chemical" that entered her body.  *Id*. at 20.

Further, plaintiff alleges that on May 18, 2018, she was wrongfully confined because air was coming out of her bedroom vent, although she had never turned on the thermostat. *Id*. at 29-30. She claims that in June 2018, she was placed in an isolation room in the hospital where a law enforcement officer asked her whether she had jumped out of a moving vehicle, and her inquiries why she was hospitalized were ignored.  *Id*.  On a copy of a bill for medical tests and services on

May 18-19, 2018, she has written "false medical services." *Id.* at 33.   She labels as "false statements" a bill she received for a CT scan performed on June 10, 2018, asserting that she has never had a CT scan.  *Id.* at 38. [1]

 As relief, plaintiff requests that all artificial intelligence from her being be detached and permanently cease, her medical records after May 18, 2018, be corrected so there is "no bogus diagnosis," that defendants be "confined" for deliberately interfering with her life for entertainment, and that she be awarded compensation for pain and suffering.  *Id.* at 21.

## II.  Legal Standard

A totally implausible or frivolous complaint may be dismissed, sua sponte, for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1).  A complaint is frivolous if "'it lacks an arguable basis either in law or in fact.'" *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Unlike the failure to state a claim standard, however, in reviewing for frivolity, the Court "is not bound to accept 'clearly baseless' factual allegations as true." *Kilgore-Bey v. Rudey*, No. RDB-18-0007, 2018 WL 1135391, at *2 (D. Md. Feb. 28, 2018).  Frivolous claims include "those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'" *McLean*, 566 F.3d at 399 (quoting *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see Denton v. Hernandez*, 504 U.S. 25, 29 (1992)).

## III.  Discussion

Here, the allegations asserted reflect fantasy or delusional thinking that cannot be addressed by the Court.  Plaintiff has provided no information to conclude that some plausible cause of action

---

[1] Additionally, plaintiff has attached copies of medical bills for various services at a number of medical facilities and other papers, without explanation. *See, e.g.*, ECF 1-1 at 1-3, 8-13, 16-19, 22- 25.

has accrued on her behalf.  I note, too, that plaintiff has previously presented several of the same or similar allegations and they were dismissed as frivolous. *See Smith v. U.S*, *Department of Defense*, Civil Action No. ELH-21-1542 (D. Md. July 9, 2021) (dismissing claims, including that defendants had attempted to "bully" plaintiff by using AI and a military jet flew overhead and seconds later an odorless chemical entered her body).

I recognize the Court's obligation to construe liberally the pleadings of self-represented litigants. *See Erickson v. Pardu*s, 551 U.S. 89, 94 (2007).  Even after liberal construction, however, the Complaint fails to set forth a plausible claim and is frivolous.

**IV.  Conclusion**

For these reasons, I will dismiss the Complaint.  A separate Order follows.


　　　　　　　/s/
Ellen L. Hollander
United States District Judge

3